Angeline REITZ, In Her Own Individual Capacity as Well as the Executrix of the Estate of George Reitz, Sr.; David Reitz, Sr.; David Reitz; Andrea Reitz; Linda Reitz, Wife of George Reitz, Jr.; By George Enterprises; Wingait Farms, Inc.; George J. Reitz, Jr.

v.

COUNTY OF BUCKS; Bucks County District Attorney's Office; Alan Rubenstein; William Moore; Grant's Auto Salvage, Inc.; Charles M. Grant; Jennifer Nicola; Blue Bay Farm; Jennifer Nicola d/b/a Blue Bay Farm; T. Gary Gambardella; Charles R. Grant; Quakertown Veterinary Clinic

Angeline Reitz (in her own individual capacity and as the Executrix of the Estate of George Reitz, Sr.), David Reitz, Andrea Reitz, Linda Reitz, By George Enterprises, Wingait Farms, Inc., and George J. Reitz, Jr., Appellants.

No. 96–1934.

United States Court of Appeals, Third Circuit.

Argued June 12, 1997.

Decided Sept. 8, 1997.

John P. Kopesky (argued), Sheller, Ludwig & Badey, Philadelphia, PA, for Appellants.

James A. Downey, III (argued), Begley, Carlin & Mandio, Langhorne, PA, for Appellees.

Before: MANSMANN, NYGAARD and ROSENN, Circuit Judges.

## OPINION OF THE COURT

ROSENN, Circuit Judge.

This appeal, arising from what should have been a simple state forfeiture proceeding, raises a number of complex questions concerning federal constitutional rights violations. The plaintiffs are members of a large family of which one was convicted of violating Pennsylvania narcotics laws. They brought a federal action for damages under 42 U.S.C. § 1983 and also included various state law claims alleging the District Attorney's Office of Bucks County, Pennsylvania, delayed the return of plaintiffs' seized property for almost a year after ordered to do so by the county court. The district court granted summary judgment in favor of all defendants on the § 1983 claim and declined to exercise pendant jurisdiction over the remaining state law claims. We conclude that the individual prosecuting attorneys are not entitled to qualified immunity on the § 1983 claim alleging the mismanagement of the property after it had been ordered returned to the plaintiffs and that the plaintiffs' claims rise above ordinary negligence. We affirm summary judgment on the § 1983 claim as to both municipal defendants and the grant of absolute immunity to the prosecutors; we vacate the summary judgment in favor of the prosecutors on the basis of qualified immunity and the judgment in favor of the remaining defendants and remand.

## I.

On or about May 8, 1992, state law enforcement officials raided Wingait farms (owned by George Reitz, Jr. ["Reitz, Jr."] and his wife, Linda), and arrested Reitz, Jr. for possession and delivery of marijuana in Bucks County, Pennsylvania. Following his arrest, the County, acting pursuant to state forfeiture laws, specifically 42 Pa. Cons.Stat. § 6801, seized real estate and a wide variety of personal property, from antiques to horses, ostensibly belonging to Reitz, Jr. State law authorizes the seizure of property that facilitated a criminal act or constituted proceeds of the criminal act. An attorney representing Angeline Reitz and David Reitz, the mother and brother-in-law of Reitz, Jr., wrote the District Attorney's Office of Bucks County to inform them that certain property did not belong to Reitz, Jr., had no connection to his illegal activity, and was not subject to forfeiture under Pennsylvania law. The District Attorney's Office did not respond to this letter, and the attorney of Angeline Reitz and David Reitz then filed a Petition with the Court of Common Pleas of Bucks County for the Return of Property pursuant to Pennsylvania Rule of Criminal Procedure 324. On June 23, 1992, the court granted the petition and ordered certain items of property returned to the petitioners "forthwith." Some of the property was returned soon thereafter, but the bulk of the property alleg-

edly remained in the custody of the District Attorney.

The Reitz family then petitioned the county court for a hearing on the return of the personal property. The court granted the petition, but at the request of the District Attorney delayed the hearing until the completion of the criminal proceedings against Reitz, Jr. At the hearing, the court ordered some of the property returned by way of an involuntary nonsuit against the Commonwealth. As to the remaining property, a jury determined that most of the property seized had not been used to facilitate any violation of the state law and thus found it had been improperly seized. The property, however, was not immediately returned by the District Attorney's Office. The District Attorney's Office asserts that this was due to a dispute between members of the Reitz family concerning to whom the property should be returned. The Reitz family has asserted that this dispute was resolved, as attested to by stipulations from the family establishing ownership of the property in question. Moreover, they assert that there were alternatives available to the District Attorney to determine the ownership of the claimed property, including judicial action, rather than simply retaining the property in violation of the court order.

The Reitz family further alleges that, due to incomplete and inaccurate information furnished to the Internal Revenue Service ("IRS") by the District Attorney's Office, the property was then subjected to a tax lien in February, 1994, while the property was still in their custody. The District Attorney's Office petitioned the court to have the seized property transferred to the custody of the IRS; the court ordered the transfer on February 22, 1994. The court vacated this order three days later. By this time, however, the proceeds of a number of bank accounts had already been transferred to the IRS, including one account previously adjudged to be the property of By George Enterprises and thus not subject to forfeiture. Plaintiffs then brought suit in the federal district court to challenge the tax lien.

To obtain relief from the tax lien, the plaintiffs were compelled to petition the Court of Common Pleas of Bucks County for an order confirming that most of the property had been improperly seized and that the District Attorney's Office and the Commonwealth had no interest in or claim to that property. The court entered an order on June 17, 1994, declaring again that the "Commonwealth of Pennsylvania and/or Bucks County District Attorney's Office shall have no further interest or claim to the items referenced in the above-matter." The order further directed the District Attorney's Office to provide the plaintiffs with any information needed to challenge the IRS levy. Armed with this order, the plaintiffs pursued their federal challenge to the tax lien. On September 13, 1994, the United States District Court for the Eastern District of Pennsylvania ordered the abatement of the levy and the release of all improperly-seized property. The bulk of the property was returned in October, 1994, although certain improperly-levied proceeds were not returned until 1995. The plaintiffs further allege that some property has never been returned.

The plaintiffs then filed this suit in the United States District Court for the Eastern District of Pennsylvania against Bucks County, the Bucks County District Attorney's Office, District Attorney Alan Rubenstein, Assistant District Attorney William Moore, Assistant District Attorney T. Gary Gambardella, and assorted caretakers of the real and personal property seized by the District Attorney's Office. The plaintiffs allege that the named defendants failed to comply with court orders directing the return of their property and intentionally or negligently mishandled said property, causing diminution in value or destruction of the property. Count I of plaintiffs' claim is a 42 U.S.C. § 1983 action; the plaintiffs allege that the seizure of the property, the subsequent delays in returning property, and the manner in which the property was kept evidence a policy and practice on the part of the Bucks County and the District Attorney's Office that violates the plaintiffs' civil rights. The plaintiffs further argue that the individual defendants' behavior violated their rights under the Second, Fourth, Eighth, and Fourteenth Amendments. The remain-

ing nine counts allege state tort and contract claims. The defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. On September 17, 1996, the district court granted summary judgment in favor of the defendants on all the federal law claims and dismissed the remaining state law claims, refusing to exercise supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367. The plaintiffs timely appealed.

## II.

We exercise plenary review over a district court's order granting summary judgment.[1] *Bieregu v. Reno,* 59 F.3d 1445, 1449 (3d Cir.1995); *United States v. Koreh,* 59 F.3d 431, 438 (3d Cir.1995). Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When considering a motion for summary judgment, the court must view all evidence in favor of the non-moving party. *Bixler v. Central Pennsylvania Teamsters Health & Welfare Fund,* 12 F.3d 1292, 1297 (3d Cir.1993). Accordingly, all doubts must be resolved in favor of the non-moving party. *Meyer v. Riegel Prods. Corp.,* 720 F.2d 303, 307 (3d Cir.1983). To successfully challenge a motion for summary judgment, the non-moving party must be able to produce evidence that "could be the basis for a jury finding in that party's favor." *Kline v. First Western Government Sec.,* 24 F.3d 480, 485 (3d Cir.1994).

## A.

 The first issue which must be resolved is whether the plaintiffs' federal action under § 1983 is barred by the statute of limitations. The district court's disposition of the limitations issue was brief:

> The federal claims regarding the *seizure* of the property are barred ... as the statute began to run once the property itself was seized. Under *Wilson v. Garcia,* 471 U.S. 261, 266–67, 105 S.Ct. 1938, 1941–42, 85 L.Ed.2d 254 (1985), federal courts must borrow the state statute of limitations that is most analogous to the claim at hand. This claim stems from the defendants' allegedly unlawful seizure and detention of plaintiffs personal and real property. As a result, the two year statute of limitations that applies to torts against real and personal property should be used here. See 42 Pa. Cons. Stat. Ann. § 5524 (1981 & Supp.1995).

*Reitz v. County of Bucks,* No. 95–6603, 1996 WL 530021 *2 (E.D.Pa. Sept.17, 1997). We see two problems with this statement. First, it is not an accurate analysis of the law. The Supreme Court in *Wilson* did *not* direct that courts look to the facts or legal theory underlying a section 1983 claim in order to determine the governing state statute of limitations. Instead, the court held that well-founded causes of action under section 1983 are best characterized as tort actions for the recovery of damages for personal injuries and that state statutes of limitations governing personal injuries would fairly serve federal interests. Under *Wilson,* then, the period of limitations applicable to torts against real or personal property is irrelevant. The district court's reading of the holding in *Wilson* is not, however, dispositive as the Pennsylvania limitations period for personal injury claims is identical to that applicable to property offenses—two years. *See* 42 Pa. Cons. Stat. Ann. § 5524(2).

The second more fundamental problem with the district court's limitations analysis is that it did not consider separately those portions of the plaintiffs' complaint which focused on the prosecutors' failure to comply with the October 20, 1993 state court order directing return of the seized property. It is evident that insofar as the plaintiffs based their federal claims on the propriety of the seizure itself, the claims are time-barred, the seizure having occurred in May, 1992 and suit was not filed until October, 1995.

The plaintiffs argue, however, that the primary thrust of their complaint was based not

---

1. The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a), and 1367. This court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

upon "the actual seizure of their property" but upon the prosecutors' failure to return the property following the October, 1993 jury verdict in the forfeiture proceeding, and upon the post-seizure mismanagement and destruction of their property. Apparently, the district court did *not* consider the claims based on mismanagement to have been time-barred. Following its discussion of limitations, the court wrote that the "mismanagement claims against the individual defendants do not rise above negligence, and more than negligence is required to support a 42 U.S.C. § 1983 claim." If the court viewed the mismanagement claims as barred, this statement would have been unnecessary.

Thus, the district court did not focus on the prosecutors' failure to return the seized property even in the face of a court order directing that they do so. The claims based on detention of the property following this order are distinct from those relating to the seizure. Although the plaintiffs believed that the seizure was improper, they contend the primary basis for this suit is the "unconstitutional refusal to obey [c]ourt orders and [the] unappealed jury determination[ ] that directed the return of the Reitzes personal property in 1993 and beyond. These misdeeds gave rise to *new* causes of action ... [and these were] timely asserted." We agree.

Under Pennsylvania law, "[t]he true test in determining when a cause of action arises or accrues is to establish the time when the plaintiff could first have maintained the action to a successful conclusion." *Kapil v. Association of Pennsylvania State College & Univ. Faculties*, 504 Pa. 92, 470 A.2d 482, 483 (1983) (citing 51 Am.Jur.2d *Limitation of Actions* § 107 (1970)). Because of the alleged delays in returning the plaintiffs' personal property, the plaintiffs could not have pursued this claim against any of the defendants until after the court ordered the return on October 20, 1993. The same is true of the claim for mismanagement of the property while in the custody of the District Attorney's Office. The plaintiffs could not prosecute such a claim until the jury and the court found that the property was not subject to forfeiture. Thus, we hold that the plaintiffs, having filed their complaint on October 17,

1995, within two years of the court's order exculpating the property, timely instituted their action within the Pennsylvania statute of limitations established for such tort claims.

## B.

■ The plaintiffs brought a § 1983 claim against Bucks County and the County District Attorney's Office. A public entity such as Bucks County may be held liable for the violation of a constitutional right under 42 U.S.C. § 1983 only when the alleged unconstitutional action executes or implements policy or a decision officially adopted or promulgated by those whose acts may fairly be said to represent official policy. *Monell v. New York City Dep't of Social Svcs.*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978). The district court granted summary judgment in favor of Bucks County on the § 1983 claim, finding that there was no evidence of an actionable policy or custom that would result in municipal liability under the *Monell* test. The plaintiffs concede that there is no affirmative policy that could be declared unconstitutional; rather, they argue that Bucks County's failure to train its employees to properly execute property forfeiture actions was evidence of the County's "deliberate indifference" to plaintiffs' constitutional rights, and thus actionable under § 1983.

■ The plaintiffs apparently argue that the prosecutors are the employees of the County, and that the County is liable for the misconduct of its employees, and thus the County is liable for the misconduct of the prosecutors. The major premise of the plaintiffs' syllogism is their claim that misconduct of the District Attorney's Office can be imputed to the County and that the County may therefore be held liable. Even if the assistant prosecutors were employees of Bucks County and under the control of Bucks County Commissioners in the performance of their prosecutorial functions, the controlling question is whether, in the absence of a defined Commissioners' policy or practice, the plaintiffs have proven the absence of training that can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional torts occurred.

Plaintiffs are correct that in the absence of an unconstitutional policy, a municipality's failure to properly train its employees and officers can create an actionable violation of a party's constitutional rights under § 1983. *City of Canton v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 1204, 103 L.Ed.2d 412 (1989). However, this failure to train can serve as the basis for § 1983 liability only "where the failure to train amounts to deliberate indifference to the rights of persons with whom the [municipal employees] come into contact." *Id.* at 388, 109 S.Ct. at 1204. "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality—a 'policy' as defined by our prior cases—can a city be liable for such a failure under § 1983." *Id.* at 389, 109 S.Ct. at 1204. The focus in this determination is on the adequacy of the training program in relation to the tasks the particular officers must perform and the connection between the identified deficiency in the municipality's training program and the ultimate injury. *Id.* at 390–91, 109 S.Ct. at 1205–06. To succeed on a § 1983 claim, the party must prove that the training deficiency actually caused the injury. *Id.* at 391, 109 S.Ct. at 1206.

 Establishing municipal liability on a failure to train claim under § 1983 is difficult. A plaintiff pressing a § 1983 claim must identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred. *Colburn v. Upper Darby Township,* 946 F.2d 1017, 1030 (3d Cir.1991). Recently, the Supreme Court reiterated the difficulty of this standard, noting in the context of an inadequate background screening case that a § 1983 "plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Board of County Commissioners of Bryan County v. Brown,* —— U.S. ——, ——, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997) (emphasis in original). When a plaintiff alleges that a municipality has not directly inflicted an injury, but has caused an employee to do so, stringent standards of culpability and causation must be

applied to ensure that the municipality in a § 1983 suit is not held liable solely for the conduct of its employee. *Id.* at —— – ——, 117 S.Ct. at 1388–89.

In the present matter, the plaintiffs have presented no evidence on the record to show that the delays and mismanagement that led to their injury resulted from the County's "deliberately indifferent failure to train its officers." They have neither identified the specific training the County should have offered which would have prevented the deprivation of their constitutional rights nor established that such training was not provided. Plaintiffs have presented substantial evidence of the dilatory and allegedly tortious conduct of the individual prosecutors in the course of the forfeiture proceedings. Plaintiffs, however, have offered no evidence to establish that this conduct was the result of the County's or even the District Attorney's failure to properly train these defendants. They have presented no evidence that similar conduct has occurred in the past or that the inactivity or activity occurred specifically because of insufficient training and not as a result of personal animus. We therefore must conclude that the record before us is critically deficient of evidence on which a jury reasonably could have based its conclusion that Bucks County was deliberately indifferent to the need to train the prosecutors and that this failure to train was the actual cause of the plaintiffs' injuries. *Simmons v. City of Philadelphia,* 947 F.2d 1042, 1076 (3d Cir.1991). Thus, the district court committed no error in granting summary judgment in favor of the County on the § 1983 claim.

Moreover, accepting plaintiffs's proposition that the District Attorney's Office is a separate entity, the plaintiffs have presented no evidence of any actionable custom or policy on the part of this Office in its prosecutorial capacity nor of any failure to train its employees that constitutes a deliberate indifference to the constitutional rights of the plaintiffs. Therefore, the district court did not err in also granting summary judgment in favor of the Bucks County District Attorney's Office.

■ For further clarification, we address plaintiffs' allegations that the misconduct of individual members of the District Attorney's Office can be imputed to the County and that the County may therefore be held liable. The plaintiffs recognize both "that the County and the District Attorney's Office are separate entities" and that the District Attorney is, under the Constitution of Pennsylvania, Article IX, § 4, an independently elected official of the County, as "opposed to non-elected County offices controlled by the elected County Commissioners." Nonetheless, plaintiffs contend "that the District Attorney's Office and its staff are employees of the County of Bucks." Further, plaintiffs assert that the evidence here shows that the County of Bucks "is the employer of the defendant District Attorney as a matter of policy and practice [and] with deliberate indifference failed to adequately discipline, train ... or otherwise direct" their employees and agents concerning the rights of citizens. However, as the Supreme Court made clear in *Monell*, municipal liability simply cannot be predicated upon a showing of respondeat superior, and thus the plaintiffs' argument that the individual prosecutors are employees of the county will have no effect on a determination of municipal liability.

The plaintiffs argue by analogy to *Farris v. Moeckel*, 664 F.Supp. 881 (D.Del.1987), in which a county in New Mexico was held liable for the misconduct of the deputies of an elected sheriff where the county had the authority to hire and fire. *Farris* is inapposite; the court determined that the plaintiff alleged the constitutional violations were taken pursuant to official municipal policy, not as the individual acts of county employees. *Id.* at 889. Therefore, the employment relationship alone is insufficient to find municipal liability. Absent an actionable policy or actionable failure to train on the part of the

municipality, there could be no municipal liability under *Monell*.[2]

### C.

#### 1. *Absolute Immunity*

■ The district court found that Rubenstein, Moore, and Gambardella, the individual prosecutors who handled the civil forfeitures which underlie this suit, were entitled to absolute immunity for their actions in prosecuting the drug trafficking case against Reitz, in preparing and filing the forfeiture complaint, and in participating in the hearings. Under our decision in *Schrob v. Catterson*, 948 F.2d 1402 (3d Cir.1991), absolute immunity covers a prosecutor's actions in (1) creating and filing of an *in rem* complaint; (2) preparing of and applying for the seizure warrant; and (3) participating in *ex parte* hearing for the issuance of the seizure warrant. 948 F.2d at 1409–17. Thus, as related to the judicial process pertaining to the forfeiture proceedings themselves, the district court committed no error in holding that the individual prosecutors were entitled to absolute immunity under *Schrob*.

#### 2. *Qualified Immunity*

■ The district court further held that the defendants were protected by qualified immunity from actions under 42 U.S.C. § 1983 for their delay in returning the property after the seizure, hearing, and trial. Under *Schrob*, 948 F.2d at 1409, 1419, a prosecutor is only entitled to qualified immunity for his conduct with respect to the management and retention of the property after the seizure, hearing, and trial. This includes conduct in delaying the return of the seized property. *Id.* at 1420. Thus, a prosecutor will be "shielded from liability if his 'conduct does not violate clearly established statutory

---

**2.** We note that in *McMillian v. Monroe County, Alabama,* — U.S. —, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997), the Supreme Court reiterated that, when determining municipal liability, one question which must be addressed is whether the alleged tortfeasor is a policymaker for the State or for the named county. Accordingly, it must be determined whether, under the applicable state law, the individual represented the State or

the County when he or she acted in the allegedly unconstitutional manner. Having concluded that the district court did not err when it determined that plaintiffs failed to establish a § 1983 claim against Bucks County under the theory of municipal liability, we do not address whether the individual prosecutors are officers of the State, *see* Pa. Const. art. IX, § 4, or officers of Bucks County for purposes of this proceeding.

or constitutional rights of which a reasonable person would have known.'" *Id.* (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). The court recognized that "absolute immunity for such actions would allow the government to seize property wrongfully without accountability." *Id.*

To analyze a defense of qualified immunity, we must ascertain whether the law was clearly established at the time of the alleged violation, and we must also decide whether under the existing law an officer reasonably could have believed the conduct to have been permissible. *Karnes v. Skrutski*, 62 F.3d 485, 491 (3d Cir.1995). The first test presents a purely legal question, and the trial court determines as a matter of law what the law was and whether it was clearly established at the time of the violation. *Id.* at 491–92. Our review of this legal issue is plenary. *Lee v. Mihalich*, 847 F.2d 66, 67 (3d Cir.1988). In this case, the district court determined that the prosecutors did not act in violation of any clearly established statutory or constitutional law and thus dismissed the claim on the grounds of qualified immunity.

Although no statute or constitutional provision explicitly requires that the District Attorney's Office comply with a court order directing the return of improperly seized property within a reasonable amount of time, it is incomprehensible that a prosecutor faced with such an order would not know that he should comply timely and that a failure to do so would undermine the authority of the court. Not only does the prosecutor have the obligation to duly comply with a judicial order, but there is the duty to avoid violating the rights of others. We therefore conclude that the assistant district attorneys should have known that their prolonged procrastination in complying with the court order within a reasonable period of time would result in a violation of the plaintiffs' legally established rights. The question then becomes whether the prosecutors, having received the order directing the return of property to the plaintiffs, acted reasonably in failing to comply. In other words, did they act without unreasonable delay or if they did delay, did they

do so justifiably. This second part of the qualified immunity test "requires application of the law to the particular conduct at issue, an inquiry which may require factual determinations if the nature of the conduct is disputed." *Karnes*, 62 F.3d at 492. In the instant matter, the prosecutors assert that they acted as quickly as possible to return the property to the rightful owners and that the delay was caused by disputes among individual members of the Reitz family regarding the ownership of the property. The plaintiffs concede that they initially disagreed over the ownership of certain items but assert that they quickly stipulated to the ownership of several items of improperly-seized property and the District Attorney's Office still did not return the property to them until almost a year after the entry of the court order. The plaintiffs further allege that during this delay certain items of property suffered a diminution in value while other items were destroyed due to mismanagement by the defendants. This presents a dispute of material facts concerning the reasonableness of the prosecutors' conduct and therefore they are not entitled to qualified immunity as a matter of law. Thus, we must vacate the grant of summary judgment on the qualified immunity issue in favor of Rubenstein, Moore, and Gambardella and remand the matter to the district court for further proceedings on the § 1983 claim consistent with this opinion.

### 3. *The § 1983 Claims Against the Private Entities*

The plaintiffs also pressed a § 1983 claim against the private individuals and enterprises not serving as employees or officials of the state, arguing that these defendants acted in concert with the prosecutors to violate the plaintiffs' civil rights and thus may be found to have acted "under color of state law." It is well-established that a private party's conduct may be held attributable to the state and subject to § 1983 liability when a "symbiotic relationship" exists between the acting party and the state. *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725, 81 S.Ct. 856, 861, 6 L.Ed.2d 45 (1961); *Krynicky v. University of Pitts-*

*burgh,* 742 F.2d 94, 98 (3d Cir.1984). Therefore, if the facts support a finding that the private parties acted as a "joint participant" in the challenged activity with the state, then they can be found to have acted under color of state law and to be liable under § 1983.

 The district court did not reach the question of whether there was a "sufficiently close nexus between the State and the challenged action of [the private defendants] so that the action of the latter may be fairly treated as that of the State itself." *Blum v. Yaretsky,* 457 U.S. 991, 1004, 102 S.Ct. 2777, 2785, 73 L.Ed.2d 534 (1982). Rather, the district court held simply that "[t]he mismanagement claims of the individual defendants do not rise above negligence, and more than negligence is required to support a 42 U.S.C. § 1983 claim." However, "private persons, jointly engaged with state officials in the prohibited action, are acting under 'color of state law' for purposes of [§ 1983]." *United States v. Price,* 383 U.S. 787, 794, 86 S.Ct. 1152, 1156, 16 L.Ed.2d 267 (1966). Other courts have recognized that conduct as seemingly benign as towing a vehicle at the direction of a police officer can result in § 1983 liability for a private defendant. *See Goichman v. Rheuban Motors, Inc.,* 682 F.2d 1320, 1322 (9th Cir.1982). The evidence on the record before us is insufficient to determine the extent to which the private defendants were working in concert with the prosecutors to violate the plaintiffs' constitutional rights. If a jury finds, however, that the prosecutors violated the plaintiffs' constitutional rights and that these private defendants were willful participants in the prosecutors' activity, then these individuals may be subject to § 1983 liability. Therefore, the matter will be remanded to the district court for further proceedings on the role of these defendants and on the related question of whether these non-public defendants are subject to liability under § 1983.

## D.

The district court dismissed the plaintiffs' state law claims without prejudice, declining to exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367. In light of the foregoing conclusions, the district court on remand is directed to reinstate plaintiffs' remaining state law claims for further proceedings consistent with this opinion.

## III.

To recapitulate, the district court's grant of summary judgment in favor of Bucks County will be affirmed; the Bucks County District Attorney's Office is not an entity for purposes of § 1983 liability, but the summary judgment in favor of the individual prosecutors, Alan Rubenstein, T. Garry Gambardella, and William E. Moore, on the ground of absolute immunity will be affirmed. The summary judgment in favor of the prosecutors on the ground of qualified immunity and in favor of the remaining defendants will be vacated. The dismissal of the pendant state law claims and the declination by the district court of supplemental jurisdiction over them will be vacated. The case will be remanded to the district court for further proceedings consistent with this opinion.

Each side to bear its own costs.