Eccolia MAX, Plaintiff,

v.

**CITY OF PHILADELPHIA, et al., Defendants.**

No. CIV. A. 99–6129.

United States District Court, E.D. Pennsylvania.

June 30, 2000.

---

James R. Ingram, Philadelphia, PA, for Plaintiff.

Nicholas J. Staffieri, SEPTA Legal Division, Philadelphia, PA, for Defedants.

### MEMORANDUM & ORDER

KATZ, Senior District Judge.

*Background*[1]

Plaintiff Eccolia Max brought suit against the City of Philadelphia, Police Officer Gregory Crump, and Police Officer Darlene Crawford for events allegedly occurring on December 2, 1997. Ms. Max accuses Officers Crump and Crawford of verbally abusing her, assaulting her, and falsely arresting her for disorderly conduct. In her two-count complaint, Ms. Max brings federal claims against the City and Officers Crump and Crawford pursuant to 42 U.S.C. § 1983 as well as state law claims of false arrest, false imprisonment, assault, and battery. The section 1983 claim against the City alleges that it had an unconstitutional policy or custom and that it failed to train its officers properly.

*Discussion*[2]

With this motion for partial summary judgment, the City of Philadelphia seeks to dismiss all claims against it, and the individual police officers seek to dismiss the allegations against them pertaining to false arrest and false imprisonment.

The court will turn to the City's arguments first. As to the state law claims contained in Count Two, the City of Philadelphia has immunity from tort liability except in eight specifically enumerated situations, none of which apply here. *See* 42 Pa.C.S.A. §§ 8541, 8542. While an individual employee may not claim immunity for intentional torts, *see id.* § 8550, the City's immunity remains intact even when such allegations are made. *See, e.g., Wakshul v. City of Philadelphia,* 998 F.Supp. 585, 588 (E.D.Pa.1998) (granting summary judgment in favor of City on allegations

---

1. The facts in this description are either undisputed or are portrayed in the light most favorable to plaintiff, even though plaintiff submitted no response to the motion.

2. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court must construe the evidence and reasonable inferences drawn therefrom in favor of the non-moving party, and, if the evidence conflicts, the court must accept as true the allegations of the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

that officer had committed assault, battery, and other intentional torts); *Verde v. City of Philadelphia*, 862 F.Supp. 1329, 1337 (E.D.Pa.1994) (granting summary judgment for City, as immunity was not waived for intentional torts committed by its employees); *Smith v. City of Chester*, 851 F.Supp. 656, 659 (E.D.Pa.1994) (granting summary judgment for City; noting that while "section 8550 ... abrogates immunity of individual employees for their willful and wanton acts, it does not abrogate the immunity provided to the local agency"). Accordingly, Count Two is dismissed as to the City of Philadelphia.

■■ The plaintiff also alleges section 1983 liability against the City in Count One. A public entity such as the City of Philadelphia, "may be held liable for the violation of a constitutional right under 42 U.S.C. § 1983 only when the alleged unconstitutional action executes or implements policy or a decision officially adopted or promulgated by those whose acts may fairly be said to represent official policy." *Reitz v. County of Bucks*, 125 F.3d 139, 144 (3d Cir.1997) (citing *Monell v. New York City Dep't of Social Serv.*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)); *see also Simmons v. City of Philadelphia*, 947 F.2d 1042, 1059–65 (3d Cir.1991) (describing prerequisites for section 1983 suit against city); *Wakshul*, 998 F.Supp. at 591 (noting that a single incident, without more, will rarely suffice to establish an official policy or custom). Here, plaintiff offers no evidence of an unconstitutional custom or policy; plaintiff does not even identify the offending custom or policy. Accordingly, she cannot prevail on this theory.

■ Plaintiff's complaint alternatively suggests that the City should be held liable for failure to train its employees adequately. A failure to train may be the basis of a section 1983 suit only when the

"failure to train amounts to deliberate indifference to the rights of persons with whom the [municipal employees] come into contact.'" *Reitz*, 125 F.3d at 145 (quoting *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)); *see also id.* (explaining that plaintiffs "must identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred"). Ms. Max has presented no evidence of a failure to train, much less any that would rise to the level of deliberate indifference, nor has she identified the specific training that should have been provided. *See id.* Consequently, the City of Philadelphia is dismissed from Count One.

■ Officers Crump and Crawford argue that plaintiff's state law claims of false arrest and false imprisonment must be dismissed on collateral estoppel principles.[3] The defendants state that "during the pendency of plaintiff's criminal proceedings, she had a full and fair opportunity to litigate the issue of probable cause for her arrest and chose to waive that opportunity by entering the ARD program and is estopped from litigating that issue in this matter." Def.Mot. at 3–4; *see also* Def. Ex. B (declaration by attorney Edward Chew stating that he researched this matter and found that the plaintiff entered the "Accelerated Rehabilitative Disposition" program). While collateral estoppel could preclude both state law and section 1983 claims, *see Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), the court does not have a record from which it can assess the collateral estoppel effect of the plaintiff's entry into the ARD program. *See, e.g., Anela v. City of Wildwood*, 790 F.2d 1063, 1068 (3d Cir.1986) (stating that

---

**3.** The defendants do not discuss the application of collateral estoppel to plaintiff's federal claims, even though the case that they cite, *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411,

66 L.Ed.2d 308 (1980), discusses the effect of state criminal litigation on section 1983 claims.

a court must consider law of state where criminal proceeding took place and "ascertain whether the party against whom the estoppel is asserted had a full and fail opportunity to litigate the issue decided in the state court"); *Hlywiak v. City of Philadelphia,* Civ.A. No. 96–4241, 1997 WL 535179, at *8 (E.D.Pa. Aug.6, 1997) (noting that, under Pennsylvania law, collateral estoppel precludes only those claims that were actually litigated and decided; explaining that the court must review the criminal proceeding's record to determine precisely what issues were resolved). Accordingly, this portion of the motion is denied.

*Conclusion*

The motion for summary judgment is granted as to the defendant City of Philadelphia. The motion is denied as to the individual police officers.