

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2002

# Casseus v. Kessler Inst

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3219

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Casseus v. Kessler Inst" (2002). *2002 Decisions.* Paper 341.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/341

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-3219
_____

EDOUARD CASSEUS,

Appellant

v.

KESSLER INSTITUTE OF REHABILITATION
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 00-cv-04252
District Judge:  The Honorable Dickinson R. Debevoise
_____

Submitted Under Third Circuit LAR 34.1(a)
June 6, 2002
_____

Before: SLOVITER, NYGAARD and BARRY, Circuit Judges

(Opinion Filed:   June 7, 2002)
_____

OPINION OF THE COURT
_____


BARRY, Circuit Judge
     Edouard J. Casseus appeals the District Court's grant of summary judgment to the Kessler Institute of Rehabilitation, Inc. ("Kessler") on his claim of discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII), the New Jersey Law Against Discrimination ("LAD"), and the Age Discrimination and Employment Act ("ADEA"). We exercise appellate jurisdiction pursuant to 28 U.S.C.   1291.  After reviewing the record in this case, we are satisfied that the District Court correctly granted summary judgment and, accordingly, we will affirm.

                                I.
     The parties are familiar with the facts of this case.  As a result, we will provide only a brief summary of those facts at the outset and will incorporate additional facts as they are relevant to our discussion of the issues.
     Appellant Casseus, a male of Haitian descent, was 44 years of age at the time his complaint was filed.  Casseus alleged that Kessler discriminated against him based on his sex, age, and national origin by failing to twice hire him for the position of Food Service Supervisor.   In October, 1997, Casseus filed complaints with New Jersey's Division on Civil Rights ("DCR") and with the Equal Employment Opportunity Commission ("EEOC").  On February 4, 2000, the DCR, which had investigated Casseus's claims, issued a Finding of No Probable Cause with respect to the LAD claim.  Detailing its investigation, the DCR reported finding insufficient evidence to support Casseus's allegations.  Rather, it found evidence corroborating Kessler's claim that those hired for the position in question were better qualified than was Casseus.  On June 1, 2000, the EEOC also dismissed Casseus's complaint with respect to the Title VII and ADEA

claims, finding insufficient evidence of a violation by Kessler, and issued a "right to sue" letter.

Casseus filed a complaint in the United States District Court for the District of New Jersey, seeking relief under Title VII, the LAD, and the ADEA. Kessler moved for summary judgment and Casseus moved for relief under Fed. R. Civ. Proc. 56(f). On July 11, 2001, the District Court granted Kessler's motion and denied Casseus's request for Rule 56(f) relief. This appeal followed.

## II.

The District Court did not err in granting summary judgment to Kessler. As is well understood, summary judgment is granted when "no genuine issue [exists] as to any material fact and [when] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c). Facts and reasonable inferences therefrom are viewed in the light most favorable to the non-moving party. Reitz v. County of Bucks, 125 F.3d 139, 143 (3d Cir. 1997).

The shifting burdens in employment discrimination cases are also well understood. Under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973), and its progeny, a plaintiff must set forth a prima facie case of discrimination. If he or she does so, the burden shifts to the defendant employer to articulate a non-discriminatory reason for an adverse employment decision. If the employer does so, then the plaintiff must show that the proffered reason was, in fact, a pretext for discrimination.

Here, Casseus satisfied his burden of showing a prima facie case of discrimination, i.e., he was a member of a protected class, he was qualified for the position at issue, he was nevertheless not hired, and members outside the protected class were hired, i.e. non-Haitian females under forty. Keller v. Orix Credit Alliance, Inc., 130 F.3d 1101, 1108 (3d Cir. 1997). In response to the prima facie showing, Kessler met its burden of articulating a legitimate, non-discriminatory reason for not hiring Casseus. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254-55 (1981). In particular, Kessler proffered evidence from the individual who interviewed the candidates that other candidates were more qualified than was Casseus.

At this point, the burden of production fell on Casseus to "cast sufficient doubt upon the employer's proffered reasons to permit a reasonable factfinder to conclude that the reasons are incredible." Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1072 (3d Cir. 1996) (en banc). This Casseus did not do.

The District Court pointed out the flaws in Casseus's suggestions as to why Kessler's reason was pretextual. Casseus claimed that Kessler has never interviewed or hired an individual of Haitian descent. He did not, however, demonstrate that any such individual had ever applied to Kessler. For the same reason, Casseus's claim that no one over the age of 40 had been hired as a supervisor fails: he did not demonstrate that any qualified person in that age group had ever applied for such a position. Moreover, Casseus does not dispute Kessler's claim that two of the three supervisors at Kessler in 1997 were older than Casseus, that all of the supervisors were African American, and that one of the supervisors in 1997 was male. The District Court so found. Finally, a review of the record leaves no doubt that the candidate initially hired for the position in question -- and the candidate subsequently hired when the supervisory slot again opened up -- was better qualified than was Casseus. Accordingly, Casseus has not shown that Kessler's proffered reason for not hiring him was pretextual.

## III.

The District Court denied Casseus's motion under Federal Rule of Civil Procedure 56(f), which provides that:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

There was no error in denying the motion. First, there is no assertion in the record that Casseus was unable to present facts essential to his claim. Second, as the District Court

found, the information which Casseus sought leave to ascertain did not bear on what the evidence revealed and why he was not hired: Casseus was not offered the supervisory position because the two successful candidates had superior credentials. Further discovery was unnecessary, and the District Court correctly denied Rule 56(f) relief.

IV.

We will affirm the District Court's order of July 11, 2001.

FOR THE COURT:

/s/ Maryanne Trump Barry _____
Circuit Judge