

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-16-2006

# Hackett v. Comm Behavioral

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2747

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Hackett v. Comm Behavioral" (2006). *2006 Decisions.* Paper 1417.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1417

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNREPORTED- NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2747

CHERIE HACKETT

v.

COMMUNITY BEHAVIORAL HEALTH, A PHILADELPHIA CITY OWNED
COMPANY; COMMUNITY BEHAVIORAL HEALTH BOARD OF DIRECTORS,
IN THEIR RESPECTIVE OFFICIAL AND INDIVIDUAL CAPACITY;
NANCY LUCAS, CEO, IN HER OFFICIAL AND INDIVIDUAL CAPACITY;
LANCE GROFF, CIO, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY;
PETER BEZRUCIK, HUMAN RESOURCE DIRECTOR, IN HIS OFFICIAL
AND INDIVIDUAL CAPACITY; TROY PEARSALL, TECHNICAL SUPPORT
MANAGER, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY

(D.C. No. 03-cv-06254)

CHERIE HACKETT

v.

COMMUNITY BEHAVIORAL HEALTH, A PHILADELPHIA OWNED COMPANY;
COMMUNITY BEHAVIORAL HEALTH BOARD OF DIRECTORS, IN THEIR
RESPECTIVE OFFICIAL AND INDIVIDUAL CAPACITY; NANCY LUCAS,
CEO, IN HER OFFICIAL AND INDIVIDUAL CAPACITY; LANCE GROFF,
CIO, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY; PETER BEZRUCIK,
HUMAN RESOURCES DIRECTOR, IN HIS OFFICIAL AND INDIVIDUAL
CAPACITY

(D.C. No. 04-cv-02806)

1

Cherie Hackett,
                                    Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. Nos. 03-cv-06254 and 04-cv-02806)
District Judge: Honorable Robert F. Kelly
_____

Submitted Under Third Circuit LAR 34.1(a)
March 13, 2006

BEFORE: FISHER, ALDISERT and WEIS, CIRCUIT JUDGES.

(Filed: March 16, 2006)

_____

OPINION

_____

PER CURIAM.

Cherie Hackett appeals from the order of the United States District Court

for the Eastern District of Pennsylvania granting the defendants' motion for summary

judgment and dismissing this action brought under Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000e ("Title VII"), the Family Medical Leave Act, 29 U.S.C. § 2611

et seq. ("FMLA"), 42 U.S.C. § 1983, and state law, including the Pennsylvania Human

Relations Act, 43 P.S. § 951 ("PHRA"), and Workers Compensation Act, 77 P.S. § 1 et

seq. ("WCA").

**I.**

2

The factual and procedural history of this case need not be discussed at length here; it is well-known to the parties, and is set forth thoroughly in the District Court's opinion. Hackett filed a complaint, which was amended in May 2004,[1] alleging that the defendants and Community Behavioral Health (collectively referred to as "CBH") discriminated against her on account of her race and gender in violation of Title VII and the PHRA by demoting her from the position of Novell Network Administrator to a series of lower level jobs in 2002-2003, and by firing her in May 2003. She claimed that CBH violated the FMLA by failing to assign her to an equivalent job on her return from leave in July 2002. Hackett also claimed that CBH violated the WCA by demoting her to the entry level position of Help Desk Specialist and by terminating her in May 2003, instead of accommodating the medical restrictions imposed on the amount and type of work she could do.

Hackett made several retaliation claims. She alleged that the defendants: (1) gave her a written disciplinary warning in March 2002, when she complained to defendants Lepp and Bezrucik in 2000 and in March 2002, about harassment by her former supervisor; (2) demoted her to Data Integrity and Recovery Administrator upon her return from medical leave in July 2002, in retaliation for taking FMLA leave; (3) demoted her to the position of Senior Technical Support Specialist September 2002, when

---

[1] In June 2004, Hackett filed another Complaint, docketed as 04-cv-02806, raising all of the claims raised in the Amended Complaint she filed in 03-cv-06254. The District Court consolidated both cases for purposes of discovery and trial.

3

she complained to defendant Bezrucik about the alleged FMLA demotion; and (4) demoted her to Help Desk Operator in November 2002 and ultimately terminated her in May 2003, because she filed formal job discrimination complaints with the Department of Labor and the EEOC in September 2002. Hackett also alleged state law discrimination and retaliation claims under the PHRA and the WCA, and raised a multitude of other Pennsylvania statutory and common law claims. She sought reinstatement to the "Network Administrator" position at CBH, compensation for lost wages, and damages for mental anguish, pain, and suffering.

By agreement of the parties, Hackett's previously filed pro se motion for partial summary judgment was denied without prejudice.[2] After discovery closed, the defendants moved for summary judgment and Hackett filed a reply. Upon consideration of the parties' written submissions, the District Court granted summary judgment for the defendants. As a preliminary matter, the District Court determined that Hackett had abandoned or waived all of her claims except the retaliation claims because Hackett represented in the Reply to the defendants' summary judgment motion that she was proceeding only on the Title VII, PHRA, FMLA discrimination claims and her retaliation claims and because she failed to address her Title VII, PHRA, and FMLA discrimination claims in the Reply. Alternatively, the District Court held that the Title VII and PHRA discrimination claims lacked merit as a matter of law because Hackett failed to make out

---

[2] Hackett filed the pro se motion in August 2004. She retained counsel in September 2004. The pro se motion was dismissed by order entered on October 21, 2004.

4

a prima facie case of discrimination and, in any event, she failed to rebut the defendants' proffer of legitimate nondiscriminatory reasons for the changes in her job assignments and her termination. As for the FMLA claim, the District Court held that the defendants showed that Hackett would not have been reinstated to the job of Novell Network Administrator even if she had not taken FMLA leave.

A. The District Court's ruling on the prima facie case of retaliation

Turning to the retaliation claims, the District Court determined that the analytical framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), applied to Hackett's retaliation claims under Title VII, PHRA, FMLA, and the WCA. The District Court assumed that Hackett had satisfied the jurisdictional prerequisites to filing a claim under Title VII and the PHRA, and had satisfied the first two prongs of the prima facie case for retaliation under McDonnell Douglas. The District Court ruled that there was no evidence from which it could infer a causal connection between Hackett's filing of internal complaints in March 2000 and 2002 about harassment by Pearsall, and the written disciplinary warning defendant Lepp gave her in March 2002. Specifically, the District Court held that Lepp disciplined both Pearsall and Hackett with written reprimands for an inappropriate verbal altercation between the two of them that had occurred on March 19, 2002.

Assuming again that Hackett satisfied the first two prongs under McDonnell Douglas, the District Court held that she failed to show a causal connection between the adverse employment action and the exercise of her rights under the WCA. Hackett

5

complained that CBH demoted her to the help desk, an entry level position, and then terminated her because she had filed a workers compensation claim for an on-the-job back injury. The District Court ruled that the mere fact that Hackett was fired after she received Workers Compensation benefits, alone, was insufficient to establish a causal connection. Absent any documentary or other evidence offered by Hackett to show a causal connection, she failed to make a prima facie case of retaliation under the WCA.

B. The District Court's ruling on legitimate nondiscriminatory reasons and pretext

The District Court held that, even if Hackett had established a prima facie case for retaliation under Title VII, the PHRA, FMLA and WCA, she failed to present any evidence showing that the Defendants' proffered legitimate nondiscriminatory reasons for her demotions and termination were pretextual.

The District Court held that, absent any evidence to the contrary offered by Hackett, the undisputed facts supported the defendants' proffer that their decision in May/June 2002, to assign Hackett to the Data Integrity and Recovery Administrator position, upon her return from FMLA leave, was nondiscriminatory. Hackett failed to rebut the defendants' evidence showing that the decision was based on Hackett's prior work performance in 2001, and on CBH's transition from Novell to Microsoft, a system with which Hackett was less conversant. The District Court also noted that the new position afforded Hackett the same salary and benefits that she had as Novell Network Administrator, and that the decision to give her the new job was made before she requested FMLA leave and before she filed complaints with the EEOC and Department

6

of Labor.  The District Court ruled that Hackett failed to provide any evidence of pretext with respect to the defendants' proffer that Hackett was reassigned from the Data Integrity and Recovery Administrator position to the lower paying job of Senior Technical Support Specialist in September 2002, when it became clear that it was not possible for her to perform in the administrative job with restricted access to certain systems.

As for Hackett's termination in May 2003, the District Court held that Hackett failed to rebut the defendant's proffered reason that she was terminated because she wasn't able to work full-time.  The District Court noted that CBH had accommodated her medical needs by allowing her to work part-time in the full-time Help Desk position, which also required no lifting.  The District Court determined that Hackett had acknowledged her inability to return to work full-time to CBH and that she requested that her Workers Compensation benefits be reinstated as total disability benefits.

On May 6, 2005, the District Court granted summary judgment in the defendants' favor and against Hackett as to all of her claims.  Hackett timely appealed.

**II.**

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over an order granting summary judgment.  See Pub. Interest Research Group of N.J., Inc. v. Powell Duffryn Terminals, Inc., 913 F.2d 64 (3d Cir. 1990).  As is well understood, summary judgment is granted when "no genuine issue [exists] as to any material fact and [when] the moving party is entitled to a judgment as a matter of law."

7

Fed. R. Civ. P. 56(c). We view the facts in the light most favorable to the nonmoving party and we draw all inferences in that party's favor. See Reitz v. County of Bucks, 125 F.3d 139, 143 (3d Cir. 1997).

We agree with the District Court's disposition of all of Hackett's claims and we will affirm for substantially the same reasons set forth in the District Court's opinion. We recognize that the inquiry into whether an employee's race or gender caused the conduct at issue often requires an assessment of an individual's motivations and state of mind, matters that are not as readily amenable to disposition at summary judgment. Faced with a properly supported summary judgment motion, however, a plaintiff must come forth with some evidence sufficient to create a genuine issue of material fact. Hackett has not met her burden of showing that any of the defendants discriminated against her based on her race or gender or retaliated against her for engaging in protected activity. Hackett does not point to any evidence, and we find none on this record, that supports her contention that material factual disputes precluded summary judgment. Viewing the evidence in the light most favorable to her, we agree with the District Court that, even assuming that Hackett made out a prima facie case with respect to her discrimination and retaliation claims under Title VII, PHRA, FMLA, and the WCA, she ultimately failed to satisfy her burden of rebutting the proffered reasons for her job re-assignments and termination with evidence that the reasons were pretextual.[3] Finally,

---

[3] Hackett argues that the District Court erred in ruling that most of her claims were abandoned or waived. However, Hackett represented in her Reply that she was only

8

contrary to Hackett's assertions, there is no evidence on this record that the District Court erred in dismissing Hackett's motion for partial summary judgment based on counsel's representation that the dismissal was by agreement of the parties. Thus, we conclude that the District Court properly granted summary judgment in the defendants' favor.

Accordingly, we will affirm the judgment of the District Court.

---

pursuing the Title VII, PHRA, FMLA, and WCA discrimination and retaliation claims. Nothing in the record indicates that the District Court erred in ruling that, with the exception of the retaliation claims, all of Hackett's claims were abandoned or waived because they were not addressed in Hackett's Reply. In any event, we agree with the District Court that the Title VII, PHRA, and FMLA discrimination claims are meritless for the reasons stated by the District Court in its opinion. The remaining abandoned claims are meritless for the reasons set forth in the defendants' appellate brief.