Ernest C. BRIGGS, Appellant

v.

Johnnie MOORE; Louis Jordan; Patricia Green; Mark Apostolou; Barbara Suppa; Sean Brennan; Ira E. Kreizman; James Kinarney; Police Department of Asbury Park, NJ; Monmouth County Prosecutor's Office; Superior Court of Freehold New Jersey.

No. 07–1918.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Under Third Circuit LAR 27.4 and I.O.P. 10.6 Sept. 27, 2007.

Filed: Oct. 16, 2007.

Ernest C. Briggs, Camden, NJ, pro se.

Andrew L. Indeck, Scarinci & Hollenbeck, Lyndhurst, NJ, for Johnnie Moore; Louis Jordan; Patricia Green; Mark Apostolou; Barbara Suppa; Sean Brennan; Ira E. Kreizman; James Kinarney; Police Department of Asbury Park, NJ; Monmouth County Prosecutor's Office; Superior Court of Freehold New Jersey.

Before: RENDELL, SMITH and JORDAN, Circuit Judges.

## OPINION

PER CURIAM.

Ernest Briggs appeals from an order entered on March 13, 2007, 2007 WL 789114, by the United States District Court for the District of New Jersey granting a motion for summary judgment filed by Appellees Asbury Park Police Sergeant Johnnie Moore ("Moore"), Asbury Park Police Director Louis Jordan ("Jordan"), and Asbury Park Municipal Court Administrator Patricia Green ("Green"). The rest of the Appellees had previously been dismissed as defendants by order entered by the district court on May 5, 2005. We will summarily affirm the judgment of the district court.

Briggs filed his complaint under 42 U.S.C. § 1983, alleging that his Fourth Amendment rights were violated by certain police department officials, prosecutors, court officials, and his defense attorney when he was arrested in May 2003. While on patrol, Jordan observed the driver of a grey car ignore two traffic lights. He followed the car, but lost sight of it. Soon thereafter, another officer (not named in this suit) radioed that he was pursuing a subject by foot nearby. When Jordan arrived on the scene, he saw the same grey vehicle he had been pursuing and an individual, Briggs, on foot. The

officers ordered Briggs to stop but he refused, and he eventually had to be physically restrained. Briggs was handcuffed and taken to the police station. Two officers received medical attention at the hospital because of injuries sustained in apprehending Briggs.

After Briggs was taken to the police station, Jordan returned to the car Briggs had been driving and learned that the registration was not only expired, but pertained to another car. Moore searched the vehicle for keys and found a plastic bag containing crack cocaine. Thereafter, police officials secured four warrants for Briggs' arrest: two counts of aggravated assault on a police officer, one count of resisting arrest, and one count of possession of a controlled substance. Briggs eventually pleaded guilty to one count of resisting arrest in July 2005, and the rest of the charges were dismissed.

Briggs filed this lawsuit in April 2005, alleging that the police had lacked probable cause to arrest him, and that the police, court officials, prosecutors and his own attorney had conspired against him. The district court dismissed many of the defendants in May 2005, and granted summary judgment to the rest of the defendants in March 2007.

Summary action is warranted when "no substantial question" is presented by the appeal. *See* 3d Cir. LAR 27.4, I.O.P. 10.6; *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 539 (3d Cir.2002). After reviewing the record, we conclude that there is no substantial question presented and will summarily affirm.

▇▇▇ We review the district court's dismissal de novo. *See Santiago v. GMAC Mortgage Group, Inc.*, 417 F.3d 384, 386 (3d Cir.2005). We find that the district court correctly dismissed Briggs' claims against the group of defendants dismissed in 2005. The New Jersey Superior Court

is not a "person" capable of being sued under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Prosecutors Brennan and Suppa and Judges Apostolou and Kreimann were absolutely immune from suit for damages. *See Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768 (3d Cir.2000). With respect to Kinarney, Briggs' defense attorney, it is unclear whether he served as a public defender or a private attorney during his representation of Briggs. Regardless, he is not liable in a suit for damages under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (public defenders not liable because they were not acting under color of state law). We also agree that the Asbury Park Police Department should have been dismissed as a defendant, but so find because the department would not be considered separate from the municipality such that it could be sued for the purposes of § 1983, and even if construed as a claim against the municipality itself, there were certainly no allegations that Briggs' arrest was made pursuant to a municipal custom or policy. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Similarly, the Monmouth County Prosecutor's Office is not a separate entity that can be sued under § 1983. *See, e.g., Reitz v. County of Bucks*, 125 F.3d 139, 148 (3d Cir.1997) (county district attorney's office not entity for purposes of § 1983 liability). Even if it were, Briggs did not claim that his allegedly unconstitutional arrest was the result of a municipal custom or policy. *See Monell*, 436 U.S. at 694, 98 S.Ct. 2018.

We review the district court's decision that Jordan, Moore and Green were entitled to qualified immunity under a plenary

80

review standard. *See Schieber v. City of Phila.*, 320 F.3d 409, 415 (3d Cir.2003). The analysis involves a two-step inquiry: whether the officials' acts violated a constitutional or statutory right, and if they did, whether that right was clearly established at the time of the violation. *See Yarris v. County of Del.*, 465 F.3d 129, 140–41 (3d Cir.2006). Briggs contends that the warrants for his arrest lacked probable cause, but after a careful review of the record, we conclude that he is mistaken.

 The Fourth Amendment prohibits the arrest of a citizen unless it is supported by probable cause. *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). Of the four warrants sworn out for Briggs' arrest, all were supported by a statement of probable cause by officers who witnessed Briggs' unlawful behavior. Jordan personally observed Briggs commit the crimes with which he was charged, and Moore found the crack cocaine in Briggs' car. Green did not violate Briggs' rights when she signed the warrants, all containing statements of probable cause where the officers had personally witnessed the crimes. It is also worth noting that since the officers witnessed Briggs commit the offenses, they had the authority under New Jersey law to arrest Briggs before any arrest warrant was issued. *See N.J. Stat. Ann.* § 2A:169–3.

Briggs claims in his summary judgment opposition that Green's reference in an interrogatory answer to a "summons" rather than a "warrant" betrays some violation of his rights. This claim is specious. Again, ample probable cause was presented—Green did not violate Briggs' rights by issuing the warrants. Without a violation of a clearly established right, we need inquire no further and the three appellees are entitled to qualified immunity. *See Wright v. City of Phila.*, 409 F.3d 595, 600 (3d Cir.2005).

We will summarily affirm the judgment of the district court. The Appellees' motion to dismiss the appeal is denied.